# EXHIBIT A

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
**2025RCCV00376**
AMANDA N. HEATH
MAY 05, 2025 10:22 AM

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE SUPERIOR COURT OF RICHMOND COUNTY**
**STATE OF GEORGIA**

CIVIL ACTION NUMBER 2025RCCV00376

Smith, Shalathia

**PLAINTIFF**

**VS.**

Silas, Evan

**DEFENDANT**

**SUMMONS**

TO: SILAS, EVAN

You are hereby required to file with the Clerk of said court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

**Danny Willard**
**Morris Law**
**1204 Whiskey Rd**
**Suite D**
**Aiken, South Carolina 29803**
**dw@jeffmorrislawfirm.com**

an answer to the complaint which is herewith served upon you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

**This 5th day of May, 2025.**

Clerk of Superior Court

Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
RICHMOND COUNTY, GEORGIA
2025RCCV00376
AMANDA N. HEATH
MAY 05, 2025 10:22 AM
Hattie Holmes Sullivan, Clerk
Richmond County, Georgia

**IN THE SUPERIOR COURT OF RICHMOND COUNTY**
**STATE OF GEORGIA**

Shalathia Smith,

Plaintiff,

v.

Evan Silas,

Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

COMES NOW SHALATHIA SMITH, Plaintiff in the above styled action (hereinafter "Plaintiffs") and files this Complaint for Damages against Defendant EVAN SILAS (hereinafter "Defendant"), showing:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Shalathia Smith (hereinafter, "Plaintiff"), is a citizen and resident of the State of South Carolina, and, at the time of the accident giving rise to this action, was a citizen and resident of the State of South Carolina.

2. Defendant Evan Silas. (hereinafter "Defendant") is a non-resident motorist, pursuant to O.C.G.A. §40-12-3, and may be served under said statute at their residence located at 25025 County Rd 49, Muscadine AL 36269.

3. The motor vehicle collision which is the subject of this action occurred at the intersection of Peach Orchard Road and the Interstate 520 on-ramp located in Richmond County, Georgia

4. Defendant is subject to the jurisdiction of this Court pursuant to the non-resident motorist act O.C.G.A. §40-12-3.

5. Venue is proper in this Court because the subject collision occurred in Richmond County, Georgia.

6. Pursuant to O.C.G.A. § 9-3-33, actions for injuries to the person shall be brought within two years after the right of action accrues. This action is brought before the two-year limitation

**BACKGROUND**

7. On or about May 25, 2023, Plaintiff and Defendant were involved in a motor vehicle collision in Augusta, Georgia in Richmond County.

8. Plaintiff was operating a 2015 Chevrolet Malibu southbound on Peach Orchard Road.

9. At the same time, Defendant was operating a 2023 Ford F-250 truck and attempted to turn across Peach Orchard Road onto the Interstate 520 west on-ramp.

10. As Plaintiff proceeded southbound on Peach Orchard Road with the right of way, Defendant turned left into the driver's side of Plaintiff vehicle causing a violent collision.

11. The collision caused Plaintiff to suffer immediate pain and injuries

**NEGLIGENCE**

12. Defendant owed a duty of care to the motoring public in general, and to Plaintiff in particular, to operate a vehicle in a reasonable and prudent manner and to adhere to the pertinent Rules of the Road for the State of Georgia.

13. The collision and the resulting injuries and damages to Plaintiff were caused, directly and proximately, by one or more of the following negligent, grossly negligent, negligent per se, careless, reckless, willful, wanton, and unlawful acts and/or omissions of Defendant in any one or more of the following respects:

13.1. In failing to operate Defendant's vehicles in a lawful manner;
13.2. In failing to keep a proper lookout while operating Defendant's vehicles;
13.3. In failing to maintain control of Defendant's vehicles;

13.4. In failing to properly stay in Defendant's lanes of traffic;

13.5. In failing to maintain a proper speed so as to stay in Defendant's lane of traffic;

13.6. In failing to use due care;

13.7. In failing to properly observe the road and traffic conditions;

13.8. In failing to obey traffic laws and/or signs;

13.9. In driving too fast for conditions;

13.10. In failing to apply Defendant's brakes or use Defendant's steering mechanism to avoid causing the collision;

13.11. In negligently and carelessly operating Defendant's vehicle at a rate of speed which was improper under the circumstances or conditions then and there existing;

13.12. In negligently and carelessly operating Defendant's vehicle in such a manner to cause Defendant's vehicle to strike Plaintiff and cause personal injuries and property damage to Plaintiff;

13.13. In any other acts that represent a breach of the statutory or common laws of the state of Georgia; and

13.14. In any other such manner that Plaintiff may become aware of through discovery and/or at trial.

14. Plaintiff's personal injuries were directly and proximately caused by Defendant's negligence.

**DAMAGES**

15. Defendant is liable for Plaintiff's injuries and damages sustained, pain and suffering, and all other elements of damages allowed under the laws of the State of Georgia.

16. Plaintiff seeks to and is entitled to recover for:

16.1 Personal injuries

16.2. Past, present, and future pain and suffering

16.3. Mental anguish

16.4. Loss of capacity for the enjoyment of life

16.5. Economic losses

16.6. Incidental expenses

16.7. Past, present, and future medical expenses

16.8. Lost earnings

16.9. Permanent injuries

16.10. Consequential damages to be proven at trial.

**WHEREFORE**, the Plaintiff prays:

17. That process and summons issue and served upon the Defendant according to law;

18. That Plaintiff be awarded general, special, compensatory, and consequential damages against the Defendant in an amount to be determined by the enlightened conscience of a fair and impartial jury;

19. For the cost and disbursements of this action and post judgment interest;

20. That this case be tried before a jury of twelve; and

21. For such other and further relief, in law or in equity, as this court may deem just and proper.

Respectfully submitted,

*s/ Danny Lee Willard, Jr.*
Danny Lee Willard, Jr., Esq.
G.A. Bar No.: 365542
**Morris Law, LLC**
PO Box 14724
Surfside Beach, South Carolina 29587
Tel: 843-232-0944
Fax: 843-238-1082
dw@jeffmorrislawfirm.com
**ATTORNEY FOR PLAINTIFFS**

Aiken, South Carolina
May 5, 2025